JANUARY TERM, 1889.    ·    615

The Chicago, R. I. & P. Ry. Co. v. The Wisconsin, I. & N. Ry. Co.

THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. THE WISCONSIN, IOWA & NEBRASKA RAILWAY COMPANY.

1. **Negligence:** LOSS OF DEPOSIT BY INSOLVENCY OF JOINT AGENT: WHO BEARS LOSS. Defendant had agreed with plaintiff upon the terms of a contract for right of way over plaintiff's track, and a deed was to be made accordingly, for which defendant was to pay one thousand dollars. By the agreement defendant was to deposit the one thousand dollars with one H., which it did, and plaintiff received defendant's order on H., accepted by H., for the money, to be paid on delivering the deed to H. The contract contemplated that the transaction should be completed with reasonable dispatch, and defendant was already in possession of the right of way; but plaintiff, without good excuse, delayed the execution of the deed for nearly two years, when H. had become insolvent, though he was solvent for fifteen months after the deposit was made with him. *Held,* in an action against defendant for the specific performance of the contract, that, since the deposit had been lost through plaintiff's laches, it could not recover the money of defendant, but, upon defendant's cross-bill, plaintiff should be required to execute and deliver the deed for right of way.

2. **The Same:** EVIDENCE OF TAKING BACK DEPOSIT. In such case H. was allowed to testify on plaintiff's behalf that a certain company of another name owned the defendant's road, that he entered the one thousand dollars to the credit of that other company, and paid it out for defendant, and rendered accounts to the other company. *Held* that this was incompetent for the purpose of showing that defendant had received back the deposit of one thousand dollars, and thus prevented H. from making payment of the money to plaintiff.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FILED, JANUARY 23, 1889.

THIS is an action in equity, by which the plaintiff seeks the specific performance of a contract for the right of way for a railroad over certain real estate. An answer was filed, and a hearing was had upon the merits, which resulted in a decree for the plaintiff. Defendant appeals.

*Hubbard & Dawley*, for appellants.

*Thos. S. Wright* and *Cummins & Wright*, for appellee.

ROTHROCK, J.—I.   This controversy originated over the right of the defendant to construct its railroad over certain right of way, railroad tracks and lands of the plaintiff. Defendant entered upon the premises, and commenced the work of construction, without having first arranged with the plaintiff for the right to occupy the land with its road. The plaintiff demanded that an adjustment be made, and the right of way paid for. Correspondence was had between the agents of the respective companies, and an arrangement was made, which was reduced to writing. The plaintiff was unwilling to permit the defendant to proceed with the construction of its road over the premises without some further assurance than the promise of the defendant that the amount agreed upon would be paid to the plaintiff upon the delivery of a deed for the right of way. The amount to be paid was one thousand dollars. A contract in writing was prepared, which fully set forth the agreement and understanding of the parties. By agreement of the parties the sum of one thousand dollars was deposited by the defendant with one B. L. Harding, to be paid to the plaintiff upon the execution and delivery of a proper deed conveying the right of way by plaintiff to the defendant. On the twentieth day of December, 1883, the representative of the plaintiff prepared the following writing: "B. L. HARDING : On delivery of deeds from C., R. I. & P. Ry. Co. for the property mentioned in the annexed memorandum, you will pay to said company the sum of one thousand dollars." This order was signed by the superintendent of the defendant, and accepted by B. L. Harding in these words: "I hereby accept the above order. B. L. HARDING." Within a few days thereafter, the defendant deposited one thousand dollars with Harding

1. NEGLIGENCE: loss of deposit by insolvency of joint agent: who bears loss.

with directions to pay it to the plaintiff upon the delivery to him of the deed properly executed. The contract for the deed was executed by the proper officers of the defendant at Marshalltown, at about the same date. It was returned to the plaintiff's attorney at Des Moines, prior to the twenty-fourth day of December, 1883. In some of the correspondence between the parties it appears that duplicate contracts were executed. It is, however, immaterial whether there was but a single paper or duplicates. The contract was forwarded to Chicago for execution by the proper officers of the plaintiff. It does not appear that duplicates were sent to Chicago. On the contrary, we think but one paper was sent. It was never returned. The reason given by the plaintiff for not signing and returning it was that by accident it became defaced and blotted with ink. Some months thereafter, probably in March, 1884, the plaintiff prepared, executed and sent to the defendant's superintendent what purported to be two copies of its original contract, with a request that defendant execute the same, and keep one and return the other. This was not done by defendant until May 8, 1885. On that day the copies of the contract were returned to the plaintiff, properly executed. On the twentieth day of October, 1885, the plaintiff addressed the defendant a letter, stating that the deed for the right of way was executed, and inquiring to whom it should be presented for the payment of the one thousand dollars agreed upon. The superintendent of the defendant replied by advising the plaintiff that upon presentation of the deed to B. L. Harding it would be entitled to receive the money from him. Thereupon the deed was tendered to the defendant, and the payment of the one thousand dollars demanded, and payment was refused, and this suit was commenced.

It should be stated that the accepted order for the payment of the one thousand dollars was delivered to the plaintiff at the time it was accepted ; and it is agreed by the parties that on the twentieth day of December, 1883, B. L. Harding, the acceptor, was solvent, and there is no evidence that he became insolvent until about

March, 1885. It appears that since that time, and now, an action against him on the order would accomplish nothing in the way of collecting the money of him. The order recites that a memorandum of the contract between the parties was affixed thereto. There is some conflict in the evidence whether this recital is true. It appears to us that the preponderance of the evidence is to the effect that such a writing was attached to the order. It is evident that this was done for the purpose of enabling Harding to determine whether the deed when presented was in accord with the contract. The contract contained quite a complicated description of the right of way to be conveyed, and it contained undertakings upon the part of the defendant as to putting in and maintaining crossings over the track, and making the changes of grade rendered necessary by the construction of its road. There is nothing in the evidence from which it appears that the making of the conveyance was to be delayed to any definite time. The defendant had no interest to be subserved by the delay. It actually paid the money consideration for the right of way, and it had no right to recall it. It was in the hands of Harding, awaiting the presentation of the deed, and the plaintiff was alone entitled to it. It is claimed by appellee that it was not contemplated that the deed should be delivered to Harding until the other collateral undertakings of the defendant should be performed. But some of them could not be performed. For example, the maintenance of crossings was a continuous obligation, and the plaintiff had full protection against any failure of the defendant to perform these collateral undertakings by proper recitals and reservations in the deed ; and these recitals are in the deed which was finally made and tendered to the defendant. Indeed, it appears to us that there was no reason for delay in making the deed.

There are charges and counter-charges of negligence made by the parties. The plaintiff claims that the defendant was a trespasser upon the land ; that it entered

thereon without leave or license; and that it was negligent in the matter of making the adjustment, which was finally made about October 20, 1883. In the view we take of the case, all of the negotiations between the parties were merged in the settlement of their rights, which was made by the execution of the contract, and the deposit of the money, by the defendant. At that time the legal rights of the parties were fixed. The contract was signed by the defendant, and there was no obstacle in the way of its enforcement by the plaintiff. The marring and blotting of the contract did not destroy it, nor release the defendant from its obligations. When the second contract, or rather, what now appears to be a copy of the first, was written and executed by the plaintiff and sent to the defendant for execution, it is true the defendant delayed and neglected the return of it for a long time. But this is accounted for by the fact that defendant had no copy of the original, and desired to have the original that it might determine whether the copy was correct. Whether this excuse is sufficient is not material, because the plaintiff did not require another contract in order to protect itself, and the action is not based upon the second contract or copy of the first. It is founded upon the contract executed in December, 1883, which is the original instrument.

The defendant relies upon two defenses to the action: *First.* It is claimed that the execution of the order, the acceptance by Harding, and the deposit of the money, with the delivery of the order to the plaintiff, was an absolute payment for the right of way; and *second,* that by reason of the negligence of the plaintiff in unreasonably delaying the execution and presentation of the deed to Harding, the loss of the money should be borne by the plaintiff. In view of our decision upon the second point it is unnecessary to determine the first. If Harding had failed after the deposit of the money with him and within the reasonable time allowed the plaintiff for executing and presenting the deed, it would seem inequitable to hold that payment was actually made when the money was deposited. But the

defendant was entitled to the exercise of reasonable diligence on the part of the plaintiff, and the evidence shows that if the deed had been made and presented at any time prior to March, 1885, the money would have been paid by Harding. There is no showing that he became insolvent before that time. As we have said, the plaintiff was alone authorized to present the deed and order, and draw the money. It ought not to. have subjected the money to the peril of delay. No tender of a deed was made for nearly two years after it might reasonably have been done. If the order accepted by Harding had been a negotiable bill of exchange, it would have been incumbent on the plaintiff to present it for payment and protest it. The fact that it was not negotiable does not excuse the plaintiff for unreasonable delay in presenting it. It had no right to make a new contract, extending the time of payment, or, what is very nearly or quite equivalent thereto, if it was guilty of laches in performing its part of the contract by making and presenting the deed, it did so at its peril. It had no right to delay the presentation of the deed until Harding became insolvent, and to justify its delay upon the ground that Harding was the defendant's agent, and the custodian of defendant's money. As supporting these views, see *Southwick v. Sax*, 9 Wend. 122; *Dayton v. Trull*, 23 Wend. 345, and *Phœnix Ins. Co. v. Allen*, 11 Mich. 509. It is important to keep in mind the relation which Harding bore to the parties. He was not the agent of the defendant, nor of the plaintiff alone. He was selected by defendant and approved by plaintiff, as the custodian of the money until the contract could be fully executed. He held the money for the security of the plaintiff as to part of the consideration and for the security of the defendant, not for the acquiring of the right of way, but merely for the deed, which was but the evidence of title to the right of way. If this be true, why should defendant be liable for the failure of their joint agent? The money was beyond its control, and was within the control of the plaintiff, and

there is no showing that the defendant prevented the complete execution of the contract by its laches.

II. Another feature of the case demands consideration. B. L. Harding was examined as a witness in

**2. THE same: evidence of taking back deposit.** behalf of the plaintiff. He was permitted to testify over defendant's objection that R. T. Wilson & Co. were the Iowa Improvement Company, and that they owned the Wisconsin, Iowa & Nebraska Railway; that he entered the one thousand dollars to the credit of R. T. Wilson & Co., paid it out for the defendant, and rendered accounts to R. T. Wilson & Co. This evidence was incompetent, and should not have been considered by the court. If it was considered for any purpose it was to prove that the defendant took back the money from Harding, and thus prevented him from making payment to plaintiff. Evidence of dealings with R. T. Wilson & Co. had no tendency to prove that fact. This transaction was not with R. T. Wilson & Co. The contract was with a corporation known as the Wisconsin, Iowa & Nebraska Railway Company. Evidence that this money was paid to another does not support the claim made by the witness that it is was paid to the defendant. The decree of the district court will be reversed; and as the defendant by a cross-bill demands that the plaintiff be required to make to it a conveyance of the right of way, it will be so decreed, and a decree may be entered in this court or in the district court, at defendant's option.

REVERSED.