THE CITY OF ST. IGNACE v. SIMEON A. SNYDER.

*Criminal law—Municipal corporations—Ordinances and by-laws—*
*Disorderly persons.*

1. An ordinance declaring the keeper of a bawdy-house a "disorderly person" is not beyond the power of a city to enact, being within the statutory definition. How. Stat. § 1985.

2. A defendant prosecuted as a disorderly person can only complain of the charge in the warrant upon which he was tried and convicted, and the fact that in the ordinance under which he was prosecuted persons are defined and punished as disorderly for acts other than those with which he is charged, cannot invalidate it, so far as it relates to the act or acts for which he was convicted, even if some of those *other* acts are not recognized as disorderly under either the written or unwritten law of the State.

3. As to the *power* of a city to punish statutory felonies as misdemeanors when committed within its territorial jurisdiction, see *People v. Hanrahan, ante,* 611.

Error to Mackinac.  (Steere, J.)  Argued June 27, 1888. Decided July 11, 1889.

Defendant was convicted as a disorderly person under a city ordinance for keeping a bawdy-house, and sentenced to pay a fine of $100.  Judgment affirmed.  The facts are stated in the opinion.

*P. N. Packard* and *J. J. Brown,* for defendant.

*Charles R. Brown* and *Charles Conner,* for plaintiff.

MORSE, J.  Snyder was convicted in justice's court of being a disorderly person within the meaning of and contrary to the provisions of an ordinance of the city of St. Ignace, in this: That he kept a bawdy-house, a house of ill fame, an assignation house, a place for the resort of prostitutes and to which place common prostitutes resorted; and

also that he was the proprietor and keeper of a disorderly bar-room, and a disorderly public house, room, and place, where drunken men and lewd women congregated and associated, and where they habitually met and associated, and there indulged in lewd, lascivious, vulgar, and obscene language and conduct, and where intoxicated and quarrelsome persons have been and remained, and engaged in personal encounters, quarrels, and fights, contrary to said ordinance, and against the peace and dignity of the people of the State of Michigan.

This ordinance was entitled "An ordinance in relation to disorderly persons," and was approved April 29, 1886.

Respondent claims that this ordinance is void for the following reasons:

1. It was not properly passed by the common council.

2. The common council of St. Ignace have no power, under the charter of said city, to extend the offenses that constitute disorderly conduct beyond what the common law and the general statutes of this State define as disorderly conduct.

3. It was not the intent of the Legislature to authorize the municipalities of this State to suspend the general laws of the State against crimes or misdemeanors, and to supersede them by village or city ordinances.

4. That the Legislature did not grant power to the city of St. Ignace to reduce indictable offenses under the general laws of this State to the lower grades of misdemeanors when committed within its territorial limits.

On appeal to the circuit court for the county of Mackinac the judgment of the justice was affirmed, and a fine of $100 imposed upon respondent, to be collected by execution, if not paid.

The proceedings of the common council in the passage of this ordinance do not appear in the record, and we are therefore unable to pass upon the first objection made to the validity of this ordinance.

It seems from the charge of the circuit judge to the jury that the issue presented to them on the trial was whether or

not the respondent was, during the 60 days preceding September 7, 1886, the keeper of a bawdy-house, a house of ill fame, or house for the resort of common prostitutes. The ordinance reads as follows:

"AN ORDINANCE IN RELATION TO DISORDERLY PERSONS.

" *The City of St. Ignace ordains:*

"SECTION 1. All common prostitutes, all keepers of bawdy-houses, houses of ill fame, assignation houses, or houses or places for the resort of prostitutes, within said city; all persons, whether male or female, who shall lodge or remain in any house of ill fame in said city, or who shall visit the same, and there associate or consort with any prostitute; all persons who shall directly or indirectly solicit any person or persons in said city to visit any house of ill fame; all keepers, whether as owner, proprietor, or clerk, of disorderly saloons, bar-rooms, beer-hal's, or other public or private house, room, or place; all persons who shall by threats, intimidation, or otherwise, and without lawful authority of law, interfere with, or in any way molest or disturb, without such authority, any mechanic or other laborer in the quiet and peaceable pursuit of his lawful vocation within said city; all persons who shall designedly make any open and indecent or obscene exposure of his or her person, or the person of another, or shall be guilty of gross lewdness and lascivious behavior; and all persons who shall be guilty of an assault, or of an assault and battery, within said city; and all vagrants within said city,—shall be deemed disorderly persons. Any person found within a house of ill fame shall be deemed, *prima facie*, a disorderly person.

"SECTION 2. Any person convicted of being a disorderly person, as specified in section one of this ordinance, shall be punished by a fine not exceeding one hundred dollars and costs of suit, or by imprisonment in the county jail not exceeding ninety days, or by both such fine and imprisonment, in the discretion of the court; and when a fine and costs only shall be imposed, the court may make a further or other sentence that the offender be committed to the county jail or city prison until said fine and costs shall be paid, for any period not exceeding thirty days."

The keeper of a bawdy-house, or house for the resort of prostitutes, is clearly defined as a "disorderly person" by

the statute (How. Stat. § 1985), so that the ordinance in this respect has not gone outside of the statute law of this State in making such keeper a disorderly person.

The respondent can only complain of the count or charge in the warrant upon which he was tried and convicted. The balance of the complaint does not concern him here; and the fact that in the ordinance persons are defined and punished as disorderly for acts other than those with which he is charged, cannot invalidate it, so far as it relates to the act or acts for which he was convicted as a disorderly person, even if some of these other acts are not recognized as disorderly under either the written or unwritten law of the State. If any of such acts are within the second objection for this reason,—which we do not decide,—they are so separated in the ordinance from the acts which do not come under this objection that they could be expunged therefrom without invalidating the ordinance as a whole. *People v. Armstrong*, 72 Mich.——(41 N. W. Rep. 275).

The third and fourth objections to the validity of the ordinance are disposed of by the case of *People v. Hanrahan, ante*, 611.

We find no errors in the record, and the conviction is affirmed.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred.